UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY WEIMORTZ, | No. 2:21-cv-0565-SCR |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act ("the Act"). On January 26, 2022, pursuant to a stipulation of the parties, this Court entered judgment remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 18 & 19.

Now pending before the court is Plaintiff's May 20, 2024 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 24. The Commissioner has filed a statement that he "neither supports nor opposes counsel's request for attorney's fees." ECF No. 25 at 2. However, the Commissioner does comment in regard to Plaintiff's request for a "net" award that "the Order distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purpose." ECF No. 25 at 2. For the reasons set

forth below, the Motion will be granted.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement that provided, in relevant part, that if retroactive benefits were awarded, Plaintiff would pay to counsel 25% of the award. ECF No. 24-1. Pursuant to that agreement, Plaintiff's counsel now seeks attorney's fees in the amount of $15,875.00 which represents less than 25% of the $100,985.00 in retroactive disability benefits awarded to Plaintiff on remand. ECF No. 24-2.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting *Gisbrecht,* 535 U.S. at 805) (cleaned up).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable

fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also* E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, Plaintiff's counsel obtained a successful result.[1] There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. Neither the Commissioner nor Plaintiff herself opposes the Motion. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay. The court finds that the $15,875.00 fee, which represents about 15.7% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

Counsel has submitted a detailed billing statement in support of the requested fee. ECF

---

[1] Counsel's affidavit in support of the fee request does not detail his experience. ECF No. 24 at 5-6. It appears from publicly available records that counsel has been admitted to practice in California since 2010, and a primary area of practice is Social Security law.

3

No. 24-3.  The Court finds that the amount of hours expended (16.1) was reasonable, even though Plaintiff did not file a motion for summary judgment.  Instead, the majority of time was spent on file review and communication with opposing counsel re: settlement.  The administrative record in this case was quite lengthy, at over 3,000 pages.  ECF No. 10.  The Court notes that calculating the effective hourly rate by dividing the amount sought ($15,875) by the hours (16.1) results in an effective rate of approximately of $985/hour.[2]  This is an amount approaching what could be considered unreasonable, however, the total amount sought is significantly less than 25% of the past benefit award.

Further, the effective hourly rate is in the range approved by other courts.  In *Crawford*, the Ninth Circuit found fee awards in the three consolidated cases to be reasonable; the fee requests ranged from $11,500 to $24,000, and if divided by the hours expended would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147.  The *Crawford* opinion approved those rates in 2009.  The $985 effective rate is somewhat higher than recent rates approved in this District.  *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissoner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864).  However, effective rates exceeding $1,000 per hour have been approved by other courts.

Accordingly, for the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Here, Plaintiff's attorney was previously awarded $3,251.60 in EAJA fees.  *See* ECF No. 23.  Counsel therefore must remit that amount to Plaintiff.

---

[2] Counsel has not provided the Court with information concerning his normal hourly billing rate for noncontingency fee cases, or the consumer law attorney median rate for the area.  Both would have been useful in assessing reasonableness.  *See Biggerstaff v. Saul*, 840 Fed.Appx 69 (9th Cir. 2020).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 24), is GRANTED; and

2. The Court finds the requested gross amount of $15,875.00 to be reasonable, but such amount is subject to an offset for the prior EAJA fee award of $3,251.60.  Accordingly, counsel for Plaintiff is awarded $12,623 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees.

SO ORDERED:

DATE: September 23, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE